**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RUBBIE ALLEN, JR. | CIVIL ACTION NO. 16-0485 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| STORY LOGISTICS, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM ORDER</u>

Before the Court is Defendant Spirit Commercial Auto Risk Retention Group, Inc.'s ("Spirit") motion to dismiss unserved Defendants, Story Logistics, Inc. ("Story Logistics") and Nicholas Gitau ("Gitau"). Record Document 15. Plaintiff Rubbie Allen, Jr. brought this action following a car accident. For the reasons discussed below, Defendant's motion to dismiss the unserved Defendants [Record Document 15] is **GRANTED** and Defendants Nicholaus Gitau and Story Logistics, Inc. are **DISMISSED without prejudice**.

### I. Background

Plaintiff filed suit in state court on February 8, 2016 against Gitau, Story Logistics, and Spirit. Record Document 1-2. Plaintiff then attempted service of process on each defendant by certified mail. The envelope sent to Gitau was returned marked by the Postal Service "Attempted – Not Known." Record Document 18-2. The envelope sent to Story Logistics was returned marked by the Postal Service "Insufficient Address." Record Document 18-3. The Post Office label on each envelope is dated March 23, 2016. Plaintiff apparently made no further attempt at service. The case was

removed on April.12, 2016.  Record Document 1. On September 6, 2016, Spirit moved
to dismiss the unserved Defendants because the time for service of process had
elapsed.[1] Record Document 15. On September 19, 2016, Plaintiff filed a request for
issuance of summons as to Gitau and Story Logistics and the Clerk of Court issued
summons on the same day. Record Document 17. Story Logistics executed and
returned the summons and filed an answer. Record Documents 20, 21. Gitau has not
responded.

## II. Discussion

### A. Sufficiency of Service

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(e)(1) permits
service of process by any method allowed by state law in the state where the district
court is located. Louisiana permits service of process by certified mail on a defendant
who resides out of state. La. R.S. 13:3204(A). Louisiana courts have held that "[i]f
mailed, the notice must be received by defendant or by a person authorized to receive
mail on his behalf." Administrator of Tulane Educ. Fund v. Ortego, 475 So. 2d 764, 764
(La. 1985). A defendant cannot "defeat service of process by refusing to accept a
registered letter." Thomas Organ Co. v. Universal Music Co., 261 So. 2d 323, 327 (La.

---

[1]Defendant moved to dismiss Gitau and Story Logistics pursuant to Federal Rule
of Civil Procedure 4. Plaintiff asserts that the motion should have been brought
pursuant to Rule 12(b)(5) for insufficient service of process. Because the federal rules
"are designed to discourage battles over mere form" and because the motion
substantively identifies the issue as insufficient service of process, the Court treats the
motion as a motion to dismiss under Rule 12(b)(5). 4 Wright & Miller, Federal Practice &
Procedure 1029 (2016); Ins. Co. Of North Am. v. Dealy, 911 F.2d 1096, 1100 (5th Cir.
1990).

Ct. App. 1972). When the plaintiff sends certified mail to a defendant at the correct address, and the defendant simply refuses to accept the package, this is still sufficient service. Id. A defendant cannot defeat service simply because he physically refuses to take the envelope from the carrier.

By contrast, when there is a defect in the envelope, service is insufficient. For example, when a plaintiff mailed a certified mail envelope that arrived at the defendant's address marked "insufficient postage" and the defendant did not accept it because he thought he would have to pay postage, the Fifth Circuit held that this defect on the envelope resulted in insufficient service. Recreational Properties, Inc. v. Southwest Mortg. Serv. Corp., 804 F.2d 311, 314 (5th Cir. 1986). The court specifically distinguished a defective envelope from a defendant's refusal to "accept a properly addressed, properly postage prepaid envelope." Id.

This case involves defective envelopes, not a defendant's refusal to accept a properly addressed envelope. Plaintiff does not argue that Gitau or Story Logistics received the certified mail but refused to accept it in an attempt to defeat service. Plaintiff's own exhibits show that the envelopes were returned not by the Defendants but by the Post Office, marked, in Gitau's case, "Attempted – Not Known," indicating that Gitau was not known at the address on the envelope. Record Document 18-2. Story Logistic's envelope was returned marked "Insufficient Address," indicating a defect in the address to which it was sent. Record Document 18-3. Moreover, the Post Office label on both envelopes is dated March 23, 2016, well before the time allowed for

service had elapsed, and yet Plaintiff apparently made no further attempt at service. This is not sufficient service.

B. Time for Service

Rule 4(m) requires that a defendant must be served within 90 days after the complaint is filed.[2] In a removed case, the time for service begins to run from the date of removal, not the date the complaint was filed in state court. Hunt v. Smith, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999); see 4 Wright & Miller, Federal Practice & Procedure, § 1137 (2016). This case was removed on April 12, 2016, giving Plaintiff until July 11, 2016, to effect service. Story Logistics was not served until October 24, 2016, and Gitau still has not been served at all. Plaintiff's service on both Story Logistics and Gitau is untimely.

When a plaintiff does not serve a defendant within the required time period, the Court is required to dismiss the case unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of demonstrating good cause. Newby v. Enron Corp., 284 Fed. App'x. 146, 149 (5th Cir. 2008). Good cause must rise above "[s]imple inadvertence or mistake of counsel or ignorance of the rules." Id. Plaintiff must demonstrate "good faith...*and* some reasonable basis for noncompliance within the time specified." Id. Plaintiff argues that he has good cause: his current counsel did not join the case until August 1, 2016, and Plaintiff's former

---

[2]Spirit's motion states that a plaintiff has 120 days, instead of 90 days, to serve a defendant. Rule 4(m) was amended in 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days.

counsel received a letter from defense counsel, indicating that defense counsel would be representing Spirit, Story Logistics, and Gitau. Record Document 18-4. Plaintiff cites no case law suggesting that either of these reasons qualifies as good cause shown.

Certainly, defense counsel's letter makes no difference. The letter specifically states that defense counsel is only aware of Spirit having been served, and inquires whether Plaintiff's counsel has any additional information as to service on Gitau and Story Logistics. Record Document 18-4. Plaintiff did not attempt to serve Gitau or Story Logistics by service on defense counsel. Defense counsel's courtesy letter does not relieve Plaintiff of the duty to properly serve all Defendants.

As for the substitution of counsel, Plaintiff does not explain how this excuses insufficient service. The state court petition was filed by attorney Stephen Collins of Dudley DeBosier. Record Document 1-2, p. 4. On August 1, 2016, Summer Bluford, also of Dudley DeBosier, was substituted as counsel for Mr. Collins. Record Document 14. The return address on the envelopes mailed to Gitau and Story Logistics, and returned by the Post Office on March 23, is Dudley DeBosier. This case has been handled by the same law firm since its inception, and Plaintiff has provided no explanation of how the change of counsel within the firm proves good cause for insufficient service. Even after this motion was filed on September 6, Plaintiff did not attempt service again until September 19. At no point prior to this motion did Plaintiff ever move for an extension of time for service. Plaintiff has not shown anything more than simple inadvertence or mistake of counsel, nor is there any reasonable basis for noncompliance. There is no

good cause shown for failure to serve Gitau and Story Logistics within the time required.

Finally, even if good cause is not shown, the Court has discretionary power to extend the time allowed for service. Newby, 284 Fed. App'x at 149. The Court may appropriately exercise this discretion when, for example, the statute of limitations would bar a refiled action, or when the defendant is evading service or conceals a defect in service. Id. Plaintiff specifically argues that the statute of limitations would not bar a refiled action, and there is no evidence that either Gitau or Story Logistics evaded service or concealed a defect in service. Plaintiff argues that if Gitau and Story Logistics were dismissed, "Plaintiff will be able to refile the proper summons, have the two defendants served, and brought right back into the suit." Record Document 18, p. 5. This suit commenced in February of 2016. Defendant Gitau has not been served since the suit began. The Court is not inclined to speculate with Plaintiff as to whether Gitau could or would in fact be served a second time around. Since Plaintiff contends the statute of limitations would be no bar, and offers no argument of evasion or concealment of service, the Court declines to exercise its discretion to extend the time allowed for service.

## III. Conclusion

For the reasons discussed above, Defendant's motion to dismiss the unserved Defendants [Record Document 15] is **GRANTED** and Defendants Nicholaus Gitau and Story Logistics, Inc. are **DISMISSED without prejudice.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ⸻ day of February, 2017.

_____

Elizabeth Erny Foote
United States District Judge